No. 23,189.

BEATRICE HUNTER, *Appellant,* v. THE JOPLIN & PITTSBURG RAILWAY COMPANY and ED BANKS, *Appellees.*

SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Street-car Accident—Rulings on Evidence.*   Certain rulings on evidence examined, and held to be correct.

2. SAME—*Admissions of Employment and Agency.*   The petition alleged and the answer of the company admitted the employment and agency of Ed Banks, conductor.   He was permitted to testify that he was not in charge of the particular car on which the plaintiff rode.   Held, proper.

3. SAME—*Instructions as to Contributory Negligence.*   The court properly covered the matter of contributory negligence pursuant to the claim thereof in the answer, notwithstanding its further allegation that if the plaintiff was injured it was not while a passenger of the defendant company.

4. SAME — *Misconduct of Witness—Improper Remarks of Counsel.* Claims of misconduct on the part of a certain witness, and alleged improper argument of counsel, examined, and held to be without sufficient support in the record.

5. SAME—*Plaintiff Had Fair Trial.*   The record examined, and held not to show or indicate that the plaintiff was prevented from having a fair trial.

Appeal from Crawford district court; ANDREW J. CURRAN, judge.   Opinion filed May 7, 1921.   Affirmed.

*Thomas W. Clark,* of Pittsburg, and *E. D. McKeever,* of Topeka, for the appellant.

*John P. Curran, Elsie Clark,* both of Pittsburg, and *Mercer Arnold,* of Joplin, Mo., for the appellees.

The opinion of the court was delivered by

WEST, J.: The plaintiff sued for damages alleged to have resulted from a careless and sudden starting of the defendant's car. The jury found for the defendant and the plaintiff appeals.

The plaintiff was a passenger on the defendant's car and alleged that on arriving at Girard, as she was in the act of alighting and before having reached the ground, the car suddenly started forward without warning, throwing her down, injuring her ankle, her shoulder and right knee and bringing on a miscarriage. Error is assigned upon rulings on evidence, instructions, misconduct of counsel, and refusal to grant a new trial.

The plaintiff was asked what effect the pain in her ankle had on her and answered that it caused her to have nervous chills. This was stricken out as calling for a conclusion. The plaintiff seems to have been permitted to testify quite fully as to her condition and suffering after the alleged injury, and it was doubtless correct to strike out her statement that the pain brought on chills, that being a question for the jury or for expert medical testimony.

The same may be said touching her assertion that the fall not only hurt her ankle but caused her miscarriage. This was fully covered by medical testimony introduced later on in the trial.

Another witness was permitted to tell of her observations of the plaintiff while at home after the alleged injury and to describe her outward expressions and appearance and to state that in her judgment she suffered pain, but was not permitted to tell in what part of the body she thought the pain was located. There was no error in this ruling.

A doctor who attended the plaintiff and testified was cross-examined touching his former arrest on certain charges and his trial and acquittal on the charge of homicide. It does not appear that the discretion of the court in this matter was abused.

Complaint is made that Ed Banks was permitted to testify

Hunter v. Railway Co.

that he was not in charge of the car in question, although the answer admitted his employment as conductor. The plaintiff was permitted to offer this answer in evidence. We see no error in the result.

The answer alleged that if there was any injury it was due to the plaintiff's own mistake and negligence and not the negligence of the company. Complaint is made because the court instructed on contributory negligence. This seems to be based on the fact that the answer alleged also that if the plaintiff was injured it was not while she was a passenger of the defendant. Both of these allegations were covered by the instructions, and correctly so.

Examination of the instructions given by the court shows that the law was correctly stated and we find no error in refusing those submitted by the plaintiff, practically all of which were given in substance.

One controversy arose about a claim that the plaintiff was making signs to a witness while on the stand. This matter was covered by affidavits on the motion for a new trial, and appears to have been correctly disposed of by the trial court.

It appears that during the argument one of the defendant's attorneys asserted that the plaintiff's husband had a suit pending for the same injury and wanted to get $20,000 out of the company and quit his job as janitor at the courthouse, and concerning the plaintiff said:

"Oh she is so delicate, this 'lily-white' lady, she wants to dress up on this money."

Counsel states in an affidavit that this statement was made "in a dramatic and ridiculous manner and thereby caused the jury to laugh then and thereafter during the trial." No claim is made that any objection was made to this argument or that the attention of the court was called to it, and it seems to have been passed by as one of the ludicrous instances marking the trial between the plaintiff, a colored woman, and the railroad company.

The contention is made that the plaintiff's color and the color of some of her witnesses and the levity exhibited by counsel prevented her from having a fair trial. She testified that the car started up while she was in the act of alighting, and one witness testified that he was about 125 feet from the

place and that the car stopped within a few feet after it started, and another that he saw her fall and that as she went to step down the car started and she fell right on the ground. But the conductor of the car swore that he helped her off and after she had gotten clear off—

"She had a baby in her arms, and it seems like as I reached down after the grip to give to her, it seems like she sank down to the ground and I got down and helped her up."

Another witness testified that he was on the car and got off when it stopped and saw the conductor helping her up. She was in a kneeling position when he first saw the conductor helping her. "The car never started till she was very near the walk (side walk)."

A lady who was on the same car testified:

"I saw a colored lady get off. I saw a lady with a child in her arms and a satchel in her hand. She set the satchel inside the step and stepped off the car, and she practically went down on her knees. The car standing perfectly still. There was no sudden jerk of the car. No movement."

In view of all this evidence it cannot be said that the jury were not justified in returning the verdict found by them. Neither does it appear from anything in the record that the plaintiff was prevented from having or did not have a fair trial.

The judgment is affirmed.